In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 06-3636

AMILCAR GABRIEL,

*Plaintiff-Appellant,*

*v.*

JIM HAMLIN, BOB DOERR, ALLAN R.
WISELY, BRIAN RUIZ, M.D., and
WEXFORD HEALTH SOURCES, INC.,

*Defendants-Appellees.*

---

Appeal from the United States District Court
for the Southern District of Illinois.
No. 02 C 187—**William D. Stiehl**, *Judge.*

---

ARGUED APRIL 12, 2007—DECIDED FEBRUARY 1, 2008

---

Before RIPPLE, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Amilcar Gabriel filed this prisoner's-rights case after being seriously injured while working in a prison kitchen. One week before his trial was scheduled to commence, the district court moved the trial date forward. Gabriel then sought a continuance on grounds that his expert witness was unable to accommodate the last-minute change in schedule. Mistakenly believing Gabriel's expert to be barred by an earlier discovery order, the court denied the continuance and dismissed Gabriel's case with prejudice for failure to prosecute. Because we find no conduct on Gabriel's part to justify this severe sanction, we reverse.

## I. Background

Amilcar Gabriel sustained second- and third-degree burns while working in the prison kitchen during his incarceration at Big Muddy River Correctional Center in Illinois. Initially proceeding pro se, Gabriel brought this action under 42 U.S.C. § 1983 alleging various prison officials and healthcare providers knowingly exposed him to dangerous work conditions and were recklessly indifferent to his serious medical needs following his injury. Gabriel subsequently obtained counsel and discovery ensued. Upon Gabriel's request, an initial discovery deadline was continued until May 25, 2004, and a pretrial conference was then scheduled for August 12, 2004. Shortly before that conference, Gabriel disclosed Dr. Richard Lewan as his expert witness. Defendants Brian Ruiz, M.D., and Wexford Health Sources, Inc. ("Wexford") then moved to bar Dr. Lewan's testimony on grounds that Gabriel had failed to provide the doctor's expert report in accordance with Rule 26(a)(2) of the *Federal Rules of Civil Procedure*. On August 24, 2004, a magistrate judge granted this motion and barred Dr. Lewan's testimony. The case was then transferred to a district court judge for trial.

On August 26 Gabriel moved to reopen discovery and permit additional time to provide his expert's report. His motion stated that Dr. Lewan had been unable to complete his report because of difficulties scheduling the deposition of Dr. Garcia, Gabriel's treating physician, who had left his job in the Illinois Department of Corrections and now worked at a correctional facility in Missouri. On August 31, 2004, the district court granted Gabriel extra time to depose Dr. Garcia and ordered that "[p]laintiff's expert shall review this deposition and provide his report on or before November 19, 2004." Although the order did not specifically mention Dr. Lewan and did not address the magistrate judge's prior order barring Dr. Lewan's

testimony, it was clear from Gabriel's motion that Dr. Lewan was his only expert, and the order permitted extra time to file the expert's report. In compliance with the August 31 order, Gabriel deposed Dr. Garcia and timely provided Dr. Lewan's expert report. No defendant objected (in addition to Dr. Ruiz and Wexford, the defendants include Allan Wisely, a corrections health administrator, and food service administrators Jim Hamlin and Bob Doerr); all parties then proceeded to prepare for a July 12, 2005 trial date. At a final pretrial conference, the court noted that trial was expected to last four to five days and would take place only on Tuesdays, Wednesdays, and Thursdays.

On June 24, 2005, the court continued the trial to August 23, 2005, to accommodate its own schedule. In mid-July all defendants sought a continuance due to scheduling conflicts.[1] The court granted these requests and rescheduled the trial to commence Tuesday, September 20, 2005, with the understanding that it would proceed on Tuesday through Thursday of that and the following week. On September 12 the court again altered the trial to accommodate its own schedule, this time moving it forward one day to Monday, September 19, to conclude that Friday instead of continuing into the following Tuesday. On September 14 Gabriel moved for a continuance, or in the alternative a voluntary dismissal, on grounds that Dr. Lewan had been scheduled to testify on Tuesday, September 27, and was unavailable to testify or give a deposition during the week of September 19. Because Dr. Lewan's testimony was necessary to demonstrate the deliberate indifference required to sustain a prisoner's

---

[1] Although defendants Ruiz and Wexford were represented by separate counsel than Hamlin, Doerr, and Wisely, both counsel filed motions for continuances on grounds that they had other trials scheduled the week of August 23.

§ 1983 claim, Gabriel maintained his case would not survive a motion for directed verdict without it. Although counsel for both sets of defendants opposed Gabriel's motion, neither maintained that the magistrate's earlier order barring Dr. Lewan's testimony was still in force. To the contrary, in their response to the motion, Ruiz and Wexford explicitly referenced "[the District] Court's ruling to reverse its decision to bar Dr. Lewan as an expert in this case."

The district court denied either form of relief and instead dismissed Gabriel's case with prejudice for want of prosecution. In explaining its order, the court stated Dr. Lewan's testimony remained barred because the August 31, 2004 order concerned only Dr. Garcia, whom the court mistakenly identified as Gabriel's expert. The court concluded it "might be more sympathetic to plaintiff's counsel's motion if it were not for the fact that the reason she seeks a continuance or dismissal without prejudice is due to the unavailability of Dr. Lewan, a witness whose testimony has been barred by this Court." Gabriel filed a motion to reconsider, explaining that Dr. Garcia was only a treating physician and maintaining the August 31 order had lifted the bar on Dr. Lewan's testimony. In their responses neither defense counsel defended the court's mistaken reading of the record; counsel for defendants Hamlin, Doerr, and Wisely conceded "[i]t was the understanding of the undersigned that plaintiff's expert, Dr. Lewan, was not barred from testifying at trial." Nonetheless, the court rejected Gabriel's contention of mistake and denied the motion. In doing so the judge elaborated that even if Dr. Lewan's testimony had not been barred, "plaintiff's counsel's failure to secure his testimony by deposition, for use at trial or otherwise, was sufficient grounds for this Court to . . . dismiss the action." This appeal followed.

**II. Discussion**

We review a district court's denial of a continuance and dismissal for want of prosecution for abuse of discretion and will reverse "only if the decision strikes us as fundamentally wrong." *Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d 868, 873 (7th Cir. 2001). Although this hurdle is admittedly high, it is not insurmountable. To that effect, we have also stated "'dismissal for failure to prosecute is an extraordinarily harsh sanction' that should be used 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *See Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000) (citing *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998)). Further, "we have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993).

We agree with Gabriel that the record simply does not support the district court's conclusion that Dr. Lewan's testimony remained barred at the time of trial. The August 31, 2004 order reopening discovery specifically granted Gabriel additional time to provide his expert's report following Dr. Garcia's deposition, and its language that "[p]laintiff's expert shall review [Dr. Garcia's] deposition and provide his report" plainly indicates that expert and deponent are not one and the same. Although there is some ambiguity given the order's failure to mention Dr. Lewan by name, this ambiguity is easily clarified by Gabriel's motion and exhibits, which listed Dr. Lewan as his only expert and explained that he was unable to provide a final report without Dr. Garcia's deposition. No defendant objected when Gabriel provided Dr. Lewan's expert report and listed him as a testifying expert wit-

ness *after* the order had been issued; moreover, the defendants *conceded* in the district court that they did not understand Dr. Lewan's testimony to remain barred.[2] To the extent the dismissal sanction was premised on the district court's mistaken impression that Dr. Lewan's testimony was barred, it cannot stand.

The only additional reason the court cited in support of its dismissal sanction was Gabriel's failure to secure a trial deposition of Dr. Lewan as a contingency. Although taking trial depositions is unquestionably a wise precaution, Gabriel's *only* request for a continuance—filed immediately upon learning of the court's *sua sponte* alteration of the trial schedule—does not come close to the type of misbehavior we have held warrants a dismissal with prejudice. *See, e.g., Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 759 (upholding dismissal "where a record of delay existed in [plaintiff's] litigation strategy of refusing to stipulate to basic facts, submitting multiple frivolous motions to dismiss the evidentiary hearing, engaging in fraudulent misconduct, and throwing roadblocks in the process of awarding attorney's fees"); *Ball*, 2 F.3d at 753-54 (upholding dismissal after plain-

---

[2] This concession puts defendants Ruiz and Wexford in a precarious position regarding their contention on appeal that Dr. Lewan's testimony *did* remain barred. Their argument in this regard is even more troubling given that the district judge's reading of the earlier order *only* made sense on account of his mistaken belief that Dr. Garcia was Gabriel's expert witness, not his treating physician. Moreover, trial counsel for Ruiz and Wexford—the same attorneys who now represent them on appeal—also represented Dr. Garcia in his deposition in this matter. Unlike the district court, they cannot possibly claim confusion about which doctor was the expert and which the deponent; they have no business arguing that Dr. Lewan's testimony remained barred.

tiff's counsel failed to appear at four status hearings and then failed to comply with two discovery orders despite explicit warnings that noncompliance would result in dismissal).

Relying on *Moffitt*, the defendants maintain dismissal is justified even absent a pattern of delay when a plaintiff refuses to go to trial without a key witness. In *Moffitt*, plaintiff's counsel repeatedly sought a continuance in the weeks before trial because of his inability to locate his client. 236 F. 3d at 869-70. The court twice denied relief and stated that counsel must substantiate the plaintiff's unavailability. *Id.* On the first day of trial, counsel again sought a continuance, this time providing evidence that his client had checked herself into a drug-treatment program. *Id.* at 870. After the court denied a continuance and a subsequent motion to reconsider, counsel refused to proceed with trial despite warnings that dismissal would result. *Id.* The court dismissed the case for want of prosecution, citing counsel's failure to demonstrate why he could not proceed using the plaintiff's deposition testimony and numerous other available witnesses. *Id.* at 871. In upholding the dismissal, this court concluded plaintiff's counsel had failed to respond to the district court's repeated requests for more information regarding the plaintiff's availability and failed to demonstrate why he could not proceed with the available evidence, including the plaintiff's deposition testimony. *Id.* at 876.

The defendants read *Moffitt* too broadly, overlooking key factual differences making its holding inapplicable here. Unlike the plaintiff in *Moffitt*, Gabriel made no prior requests for continuances, and thus received no prior warnings from the court about its willingness (or unwillingness) to entertain the requested relief. Gabriel also made a clear showing—one the court accepted—that Dr. Lewan was both central to his case and unavailable because of the eleventh-hour schedule change. It is true that Gabriel could have protected against this con-

tingency by preserving Dr. Lewan's testimony in a trial deposition, but the doctor had been available to testify in person on the previously scheduled trial dates and did not become unavailable until the court changed the trial schedule with only a single week's notice, making Gabriel's failure to take this extra step understandable. Moreover, *Moffitt* did not hold that trial depositions are a *required* precaution, but rather only that depositions may present a viable alternative if a witness becomes unavailable on the eve of trial. Unlike in *Moffitt*, Gabriel was entirely prepared to proceed with trial as scheduled until that schedule was altered on short notice by events beyond his control. In these circumstances, his failure to undertake the nonessential measure of preserving his expert's trial testimony by deposition does not justify the harsh sanction of dismissal.

The district court could not cite any pattern of delay or contumacious conduct by Gabriel because neither exists; the only delays attributable to him were during discovery, and those delays were excused by court order with no mention of possible future sanction.[3] Indeed, once discovery was completed, Gabriel was the *only* party available and prepared to proceed on *every* previously scheduled trial date.[4] Because Gabriel had neither caused nor sought any

---

[3] Of note, Gabriel's motion seeking additional time to depose Dr. Garcia also contained evidence demonstrating counsel for Dr. Garcia (who, as we have noted, also represent Ruiz and Wexford) was not blameless in that delay.

[4] Ruiz and Wexford's assertion on appeal that Gabriel had no expert witness and was completely unprepared for trial is demonstrably false. Dr. Lewan's testimony, which all parties conceded in the district court was no longer barred, had been scheduled for the July, August, and initial September trial dates. The plaintiff's video deposition had been taken in advance

(continued...)

previous delay, the court gave no warnings of possible sanctions and pursued no lesser alternatives before resorting to dismissal. Where, as here, there is no pattern of delay, missed deadlines, noncooperation, or other litigation misconduct on the part of the plaintiff, and the imposition of sanctions is premised on a misreading of the record, dismissal is unwarranted and an abuse of discretion. This is particularly so where there is no claim that a continuance would prejudice the defendants, who themselves had previously sought and obtained a trial continuance. Accordingly, the district court's order dismissing Gabriel's case for want of prosecution is REVERSED, and the case is REMANDED for further proceedings.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

---

[4] (...continued)
(he was no longer in the country and thus could not provide live testimony), and testimony by video feed had been secured for numerous other witnesses.