In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2755

MARIANA KASALO,

*Plaintiff-Appellant,*

*v.*

HARRIS & HARRIS, LTD.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 09 C 6581—**Ronald A. Guzmán**, *Judge.*

ARGUED FEBRUARY 15, 2011—DECIDED AUGUST 26, 2011

Before ROVNER, WOOD, and EVANS*, *Circuit Judges.*

WOOD, *Circuit Judge*. Mariana Kasalo sued Harris &
Harris, Ltd., a collection agency, for violations of the
Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
The parties agree that Harris attempted to collect an

* Circuit Judge Evans died on August 10, 2011, and did not
participate in the decision of this case, which is being
resolved by a quorum of the panel under 28 U.S.C. § 46(d).

overdue hospital bill from Kasalo in a way that violated the Act and that Kasalo is entitled at least to statutory damages of $1,000. See 15 U.S.C. § 1692k(a)(2)(A). A modest sum, to be sure, but one that Congress has deemed necessary to deter abusive collection practices and to compensate victims. Given the parties' agreement, one might expect that the case would have been resolved long ago; and, indeed, the parties made clear to the district court at the very start of the litigation that they intended to settle Kasalo's individual claim. Yet here we are with an appeal from the district court's decision to dismiss the case for want of prosecution. We have reached this point because Kasalo's lawyer endeavored to transform the case into a class action, and the district court, frustrated by this effort, grew impatient and dismissed the whole action. The district court chose this course without considering its other options for whittling down claims or resolving the case outright. We are sympathetic to its view of the proposed class action, but we conclude that its decision to dismiss for want of prosecution was an abuse of discretion.

# I

Kasalo's lawyer, J. Nicolas Albukerk, saw the potential for a class action in Kasalo's assertion that Harris had engaged in unlawful debt collection. He included in Kasalo's complaint two class counts, which charged that various materials used by Harris to collect debts—specifically the company's envelopes and payment re-

minders—violated the harassment, false representation, and unfair practices provisions of the Act. See 15 U.S.C. §§ 1692d, 1692e, and 1692f. We have no way of knowing whether Albukerk included these class counts based on a genuine belief that they had merit or because he hoped for a more substantial settlement from Harris. What we do know is that the district court and Albukerk disagreed from the start about the possibility of moving the class claims forward.

After granting Harris an extension to answer the complaint, the district court held an initial status hearing. At that hearing the parties announced that they intended to settle Kasalo's individual claim; the district judge expressed doubt that it would ever certify a class; and Albukerk was granted a month to take depositions to explore whether either proposed class allegation was worth pursuing. After the hearing, Harris decided that rather than submit to depositions, it would provide Albukerk with affidavits and exhibits that it hoped would convince him that the unlawful effort to collect money from Kasalo was an aberration and that Harris's usual practices conformed to the Act.

At a second status hearing, the parties agreed that the first of the two class counts in the complaint was not going anywhere. Albukerk told the judge that he still thought that the second class count had promise, and he said that he had discovered a third class theory that he hoped to explore. Again the district court expressed deep skepticism that it could certify a class, and it said it was concerned that the class claims were so amor-

phous that class discovery would be unduly burdensome for Harris. But again the court gave Albukerk additional time. It ordered briefing on the class claims, so that it could see what shape they might take and what discovery Albukerk would need to assess their potential merit. "It's a preliminary class certification issue," the district judge said, "I want to know where you're going before we get to doing discovery and then determining if you've discovered a class or not." The court set a deadline of March 31, 2010, for Albukerk's brief, with Harris's response due two weeks after that.

On the due date for his brief, Albukerk filed a motion to amend the complaint to add a third class theory and a separate motion for an extension of time to file what he called a motion for class certification. The latter request apparently referred to the brief that the district court had ordered on the scope of class discovery. Importantly, the court had never said that this brief should also include a motion for class certification or even address that topic more comprehensively. The district court granted the motion to amend and the extension, setting a new due date of April 7, 2010, for Albukerk's brief.

Once again, Albukerk failed to meet the court's deadline. He explains to us now that he had become convinced by April 7 that both of the class claims included in the original complaint were dead in the water, presumably because the evidence Harris had provided convinced him that its effort to collect from Kasalo was a mistake

and not a normal business practice. We cannot understand why Albukerk did not at least file a brief statement with the district court on April 7 explaining this, but he did not. Instead he decided unilaterally to focus on the new class claim from that point forward. He said nothing about this to the district court. Nothing happened in the case for nearly two months—no party filed any motion, and the district court did not enter any orders.

On May 21, 2010, the district court set a third status hearing for May 28. Five days later, the court reset the hearing for June 18 at 9:30 a.m. Two days before the hearing, the time was changed from 9:30 a.m. to 8:30 a.m. On the appointed day, Albukerk arrived in the courtroom 16 minutes late. Just before he got there, his case was called. Harris's attorney informed the judge that nothing had happened in the case, that Kasalo's individual claim had merit, and that Harris thought that none of the class claims should move forward. The court asked, "What do you suggest I do?" To which Harris's attorney answered, "Whatever you'd like to do." Then the district court said:

> That's the best suggestion I've had in a month, maybe even longer.
>
> Well, I think what I'd like to do is dismiss this case for want of prosecution. We have given this plaintiff multiple opportunities to file his petition for class certification. As you say, he's quite adamant that this is a class action. He's filed it as such. He's failed to proceed. He's failed to advance the case,

and he's not even here today, with no excuse or explanation given. The case is dismissed for want of prosecution.

When Albukerk showed up minutes later, the district court informed him that his case had just been dismissed. The court asked why a motion for class certification had not been filed, and Albukerk responded that he no longer thought the class counts in the original complaint had merit. He explained that he wished to pursue the third class theory that he had mentioned in connection with his motion to amend the complaint, though he admitted that he had yet to file the new complaint with the court. The district court decided that the dismissal would stand, and it told Albukerk to file a motion for reconsideration explaining why he had been dragging his feet if he wanted the case to continue. Albukerk did so promptly, but the district court denied the motion, saying, "Plaintiff failed to appear at the status hearing. Because the Court's dismissal of this case for want of prosecution was based on the entire history of this case, the Court denies plaintiff's motion to reconsider."

## II

Albukerk is guilty of poor lawyering, and the district court's exasperation with his dogged determination to invent a class action was justified. Nonetheless, we must conclude that the court dismissed the case as a whole too hastily. Albukerk's conduct, which related entirely to the class allegations, was not so inexcusable

that dismissal for want of prosecution without any advance warning was appropriate. The district judge had more reasonable options before it for addressing Albukerk's unprofessional behavior. Contrary to the flippant suggestion made by Harris's attorney, the district courts do not have the power to do "whatever they'd like to do."

Dismissal for want of prosecution "is an extraordinarily harsh sanction that should be used only in extreme situations, when there is a clear record of delay or contumacious conduct, or where other less drastic sanctions have proven unavailing." *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (internal quotation marks and citations omitted). The appropriateness of this measure depends on all the circumstances of the case. See *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 641-42 (1976); *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962). We have suggested a number of factors that are relevant to the district court's decision: the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. International Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993).

Most of these factors weighed against dismissing Kasalo's individual case. Most strikingly, all of the

errors appear to be the fault of Albukerk and none seems to have anything to do with Kasalo's complaint against Harris. In addition, while the class claims were dubious, Kasalo's claim had merit, and the dismissal of that claim (about which more shortly) frustrates Congress's desire to provide a remedy for those wronged by abusive debt-collection tactics. The defendants have not explained any way in which they were prejudiced by the delay. This is partly because the most significant delay was that between the April 7 deadline for Albukerk's brief and the third status hearing in June; but although the district court twice reset the status hearing, there is no evidence that this was at Albukerk's prompting. No one involved in the case did anything between April 7 and June 18. When we asked Harris's lawyer at oral argument what harm his client had suffered, he could say only that attorney's fees had accrued along the way. But Harris presented no evidence of any such expenses, and two months' attorney's fees in a case like this would not be grounds for dismissal. Similarly, the detrimental effect on the court's calendar is not clear. Part of the problem in this regard is that the district court issued just two terse statements explaining the dismissal, and neither gives us much insight about the court's reasoning. The district court said that the plaintiff failed to proceed and that it was basing its decision on the whole history of the case, but neither of those statements gives any helpful detail.

The district judge also said that the decision was based on the fact that it had given Albukerk many

chances to file a motion for class certification. By that the court must have meant that Albukerk had been ordered to file a brief discussing class discovery and had received one extension of time in connection with that filing. We agree with the district judge to the extent that Albukerk's worst offense was probably missing the court's April 7 deadline to file papers explaining the feasibility of the class counts and how class discovery might move forward. But as we have mentioned, the district court never explicitly ordered Albukerk to file a motion for class certification; and it certainly never warned Albukerk that he would not be given a chance, apart from that April 7 deadline, to do so. While Albukerk certainly should have informed the district court on April 7 that he intended to abandon two of his class claims, we cannot say that this omission justifies dismissal of the entire case. That leaves Albukerk's late arrival at the third status hearing as the remaining reason for dismissal. (The district court said Albukerk "failed to appear at the status hearing," but this is not the full story.). Perhaps if this truancy was one in a line of examples of disrespect for the district court's timetable, it would have been a sufficient straw to break the camel's back. But that is not this case. Albukerk's failure to make it to the 8:30 a.m. status on time does not justify the extreme measure of dismissal with prejudice.

We have said that courts should consider other sanctions before dismissal, see *Oliver v. Gramely*, 200 F.3d 465, 466 (7th Cir. 1999), and we have required courts to warn a plaintiff that she is on thin ice before the case is

thrown out, *e.g.*, *Gabriel*, 514 F.3d at 737; *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004); *Aura Lamp*, 325 F.3d at 908. It is true that the warning requirement is not "a rigid rule . . . . It was intended rather as a useful guideline to district judges—a safe harbor to minimize the likelihood of appeal and reversal," *Fisher v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); see *Link,* 370 U.S. at 633 ("when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so"). Often, however, as here, a warning would help. The court's frustration with Albukerk's attempt to turn this case into a class action is evident in the transcripts of all three status hearings, but thinly veiled hostility toward a purported class action is not a substitute for an explicit warning that an individual plaintiff must develop her case or risk dismissal for failure to prosecute. There was no indication at any point that the case might be dismissed. In fact, the district judge's rulings give the opposite impression: Albukerk was twice granted extra time to develop his class claims, and the district judge granted his motion to add another class count to the complaint. Given the nature of Albukerk's mistakes, the court's ongoing approach to the case, and the lack of any explicit warning, we think dismissal here was an abuse of discretion.

There were other options available to the district court, but it never discussed them. The district court dismissed the case without considering what claims still were in the lawsuit. Most troublesome was the sum-

mary disposition of Kasalo's individual claim for statutory damages, despite Harris's confession seconds before dismissal that it intended to settle that claim. We see no justification for dismissing Kasalo's individual claim. Federal Rule of Civil Procedure 41(b) provides, "If a plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action *or any claim against it*." (Emphasis added.) Even if the district court had reason to dismiss all three class counts for want of prosecution, the rules gave it leeway to do so without terminating Kasalo's meritorious claim. Any delay in the case was attributable to class issues, and it was those claims that were candidates for dismissal. It is also worth noting that the low dollar value of Kasalo's individual claim is not a reason to dismiss it. Congress has provided a remedy for victims like Kasalo, and it is up to the plaintiff to decide whether to pursue her individual claim. Harris admits that it harmed Kasalo within the meaning of the Act, and it should compensate her for that wrong. Whether the rest of the case was appropriately dismissed or not (and we have concluded that it was not), it was an abuse of discretion to neglect Kasalo's individual claim.

Finally, if it was the court's serious doubt about the class counts that motivated the dismissal for want of prosecution, dismissal was still the wrong procedure to choose. All the court needed to do was to entertain the subject of class certification and make a proper ruling. Federal Rule of Civil Procedure 23, and not Rule 41, is the governing rule. The timing of class-certification decisions is regulated by Rule 23(c)(1)(A), which

says, "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Consistent with this language, a court may deny class certification even before the plaintiff files a motion requesting certification. See, *e.g.*, *Cook County College Teachers Union, Local 1600 v. Byrd*, 456 F.2d 882, 884-85 (7th Cir. 1972); see also *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-41 (9th Cir. 2009); *Parker v. Time Warner Entm't Co.*, 331 F.3d 13, 21-22 (2d Cir. 2003). This is because a court has "an independent obligation to decide whether an action brought on a class basis is to be so maintained even if neither of the parties moves for a ruling under subdivision (c)(1)," 7AA CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1785, at 360-61 (3d ed. 2005). It need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class determination, *id.* § 1785.3, at 470. Albukerk has effectively conceded that the class claims in the original complaint cannot proceed. On this record, we have no way of knowing if his newly added third class theory is any better. Accordingly, after permitting sufficient discovery into the propriety of this third class count, the district court will be in a position to make an appropriate ruling. If it denies certification, Kasalo and her attorney will have the option of petitioning for review of that denial according to the procedures set out in Rule 23(f).

Further proceedings are necessary to ensure that Kasalo's individual claim is resolved properly. Albukerk

is now on notice that he must prosecute the remaining class theory expeditiously or risk a ruling on the court's own motion on class certification. We REVERSE and REMAND for further proceedings consistent with this opinion.