**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 6, 2013
Decided June 27, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-2991

| | |
|---|---|
| YONGPING ZHOU, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:07-cv-0633-WTL-TAB |
| PATRICK T. BELANGER, | |
| *Defendant-Appellee*. | William T. Lawrence, |
| | *Judge*. |

## O R D E R

After Yongping Zhou got into a scuffle with a county deputy outside a courtroom, he was arrested and charged with several offenses. Eventually the charges were dropped, but Zhou then sued the deputy under 42 U.S.C. § 1983, asserting that he had been arrested without probable cause and that the deputy had used excessive force. On the day of the trial in his federal case, Zhou left a brief telephone message with the court; in it, he said that because he was ill, he would not attend. Treating this terse allegation of illness as unsubstantiated and noting Zhou's failure on several other occasions to meet court deadlines, the district court dismissed the case for failure to prosecute. See FED. R. CIV. P.

41(b). Although Zhou later provided records showing that he indeed had been hospitalized on the day of trial, the court declined to vacate the judgment. See FED. R. CIV. P. 59(e). We conclude that the district court acted within its discretion in so ruling, and so we affirm the judgment.

**I**

In May 2005 Patrick Belanger, a sheriff's officer for Marion County, Indiana, arrested Zhou outside a courtroom at the Indianapolis City-County Building, charging him with resisting arrest, battery, criminal trespass, and disorderly conduct. A jury later found Zhou not guilty on the first two counts and deadlocked on the others. After all charges were dropped, Zhou (proceeding *pro se*) brought this civil rights suit against Belanger in May 2007. Zhou alleges that he was speaking to an attorney in a county courtroom when Belanger first ordered him to leave and then used excessive force to arrest him without probable cause. Because the parties disagreed on the amount of force used and the circumstances of the arrest, the district court denied Belanger's motion for summary judgment.

Over the course of the next four years, the case proceeded slowly, largely because of Zhou's delays and failures to comply with the court's scheduling orders: he missed the deadline to submit a statement of material facts in dispute, see S.D. Ind. L. R. 56.1(b); failed to respond to the defendant's interrogatories after being granted two continuances; did not submit a certificate of readiness for trial; and failed to file his final witness and exhibit list. The last of those failings led the court to limit his witnesses to himself and Belanger. The court did, however, grant Zhou's request for a trial date after February 2011. It eventually set trial for May 2011.

Two months before trial, alleging that he suffers from post-traumatic stress disorder and that his condition had worsened over the winter, Zhou sought another trial delay. He later added, with a confirming note from his doctor, that his medicine left him drowsy and unable to complete paperwork. The court held a hearing and spoke by telephone with Zhou's physician. The district court concluded that Zhou was able to appear at trial and declined to change the date. Instead, it warned Zhou that failure to appear could result in the dismissal of his suit with prejudice.

Zhou arrived in court on the day of the trial, but he was visibly ill, leading the district judge to reschedule trial for Monday, June 27, 2011. After this second postponement of the trial date, Zhou tried to push back the date yet again; as before, he asserted that his medicine still left him sleepy and unable to prepare for trial. But unlike his requests before

the second postponement, Zhou did not support his newest request with any documents. The court concluded that Zhou's "vague statements . . . did not indicate, much less establish" that he was unable to attend trial. The court reminded both parties that failure to appear could result in sanctions, including dismissal of the case.

Belanger and his lawyers came to court on June 27 to begin jury selection and trial, but Zhou was absent. The court received a call that morning stating only that Zhou was ill and would not be attending trial. The caller hung up without leaving a return number or other information to allow the court to verify the illness. Because Zhou failed to appear, the court granted Belanger's motion to dismiss the case with prejudice for failure to prosecute. Zhou was assessed costs, including $2,000 for calling 24 potential jurors.

Zhou moved to vacate the dismissal ten days later. He explained that he had been hospitalized from three days before trial until four days after trial for post-traumatic stress disorder and severe depression. He added that he had been unable to call the court until the morning of his trial date because the hospital did not allow long distance calls. He corroborated his hospitalization with records showing that he was admitted to the Madden Mental Health Center on June 24, three days before trial, and discharged on July 1. Zhou also represented that he had just received these medical records from the hospital.

The district court interpreted the motion as a request to alter the judgment, see FED. R. CIV. P. 59(e), but it denied the motion. The court noted that although Zhou called on the morning of trial to say that he was sick, he hung up without leaving a return number. After recounting Zhou's history of missed deadlines, his earlier trial delays, and the repeated warnings from the court that failure to appear could result in dismissal with prejudice, the court concluded that Zhou had not shown an error of law or fact in the dismissal of his case for failure to prosecute. The judge's order does not mention the two documents Zhou provided to corroborate his week-long hospital stay.

## II

On appeal, Zhou (now represented by counsel) argues that the district court should have applied Rule 59(a), not 59(e), while reviewing the motion to vacate or, alternatively, that it abused its discretion by finding that Zhou had not shown the extraordinary circumstances required under Rule 60(b)(6). Zhou argues that by arresting him, Belanger caused Zhou's post-traumatic stress disorder, and its symptoms were triggered while he was preparing for trial. This, he says, is what necessitated the treatment that left him drowsy. Belanger responds that Zhou's claims are so undeveloped that they are waived, but we do not find them quite so perfunctory. Zhou cites pertinent procedural rules and

attempts to construct an argument based on the text of these rules. See FED. R. APP. P. 28(a)(9)(A); *Cole v. Comm'r of Internal Revenue*, 637 F.3d 767, 772–73 (7th Cir. 2011); *Haxhiu v. Mukasey*, 519 F.3d 685, 691–92 (7th Cir. 2008).

The district court appropriately interpreted Zhou's *pro se* "motion to vacate" as a request to alter the judgment under Rule 59(e) because neither Rule 59(a) nor Rule 60(b)(6) apply here. First, a request for a *new* trial under Rule 59(a) is relevant only when there has already been a trial, see *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012); *Frizzell v. Szabo*, 647 F.3d 698, 702 (7th Cir. 2011), and no trial occurred in this case. Second, we have adopted the bright-line rule that district courts should treat motions filed before the deadline established in Rule 59 as arising under that rule, not Rule 60. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009); *United States v. Deutsch*, 981 F.2d 299, 300–01 (7th Cir. 1992). Because Zhou's motion comes under Rule 59(e), our review of the Rule 41(b) dismissal and the denial of the post-dismissal motion merge as a practical matter. *Borrero v. City of Chi.*, 456 F.3d 698, 700 (7th Cir. 2006); *Tango Music, LLC v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003).

Dismissal for failure to prosecute under Rule 41(b) is an extraordinarily harsh sanction, but it is an appropriate exercise of discretion where the litigant has shown a clear pattern of delay, willfully disobedient behavior, or failure to conform to lesser sanctions. See *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011); *Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (explaining that cases are typically dismissed for failure to prosecute "when the plaintiff is not ready for trial or fails to appear"). Several factors bear on the question whether dismissal for lack of prosecution is appropriate, see *Kasalo*, 656 F.3d at 561. These include the frequency of the plaintiff's noncompliance with deadlines, the effect of delay on the judge's calendar, the culpability of the plaintiff, prejudice to the defendant, the possible merits of the suit, and the social objectives of the litigation. *Id.*

The first three factors (deadline violations, calendaring effects, and culpability) weigh against Zhou. Long before he missed his trial date, Zhou repeatedly had violated discovery and other pretrial deadlines. These violations led to sanctions, but that did not stop the delays. Later, when Zhou demonstrated a need to postpone the trial, the judge twice rearranged his calendar but warned that the June date was firm. Although a plaintiff will not be blamed if she is literally unable to fulfill a court's request, see *Williams v. Adams*, 660 F.3d 263, 265 (7th Cir. 2011), Zhou *can* be faulted for submitting, after the second postponement of trial, unsubstantiated motions asserting ongoing illness and then, on the morning of trial, phoning in a conclusory assertion of illness with no call-back number or other way to permit verification. Medical treatment can justify a delay of trial, but the delay must be supported with a "detailed showing." See *Moffitt v. Ill. State Bd. of Educ.*, 236 F.3d

868, 874–76 (7th Cir. 2001) (explaining that district court could reasonably demand that person entering substance-abuse treatment on eve of trial provide treatment details); *Hunt v. City of Minneapolis, Minn.*, 203 F.3d 524, 528 (8th Cir. 2000) (explaining that evidence did not show plaintiff's post-traumatic stress disorder was responsible for majority of delays). Zhou made no such showing.

The remaining factors (prejudice, merits, and social objectives) either favor dismissal or are neutral. Belanger was prejudiced by readying himself for trial in June, and the 24 prospective jurors summoned for the venire were seriously inconvenienced as well. The merits of the suit are debatable, as reflected in the order denying summary judgment to Belanger. And although the suit seeks to vindicate important constitutional guarantees, it is essentially a controversy limited to two people concerning a one-time event. On balance, given the repeatedly missed deadlines, the ignored warnings, the public and private costs, the undocumented assertion of yet another illness, and the ineffectiveness of the earlier sanction, the court did not abuse its broad discretion by choosing to dismiss when it did.

Finally, we must say a word about the court's ruling on Zhou's post-dismissal motion. Motions under Rule 59(e) allow litigants to justify a previously unexplained absence to the court. See *McInnis v. Duncan*, 697 F.3d 661, 664–65 (7th Cir. 2012). One situation in which this may arise is when the party wishes to point to a legitimate medical excuse for failing to attend trial. See *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994) ("Had [plaintiff's] absence been justifiable, a Rule 59 motion supplemented with appropriate medical documentation would have been a prudent course of action"). But a district court may deny a Rule 59(e) motion if it presents grounds that the litigant could have advanced before judgment. *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007).

With one exception, Zhou's post-dismissal motion furnished only information that he could have provided earlier. We acknowledge that he supplied medical records showing that he was hospitalized at the time of trial, and he argues that he could not have submitted these records sooner. But even without these documents, Zhou could have provided equivalently useful information to the court before dismissal. Zhou gives no reason why, for example, if he was able to call the court on the morning of trial to say that he was ill, he was unable to add during that phone call corroborating details then available to him. He could, for example, have detailed the nature of the illness and treatment, provided the name, phone number, or location of the hospital or doctor who was caring for him, or given other specifics that would have supported his assertions and allowed the court or defense counsel to verify them. Zhou's failure to provide modest, available details to help substantiate his last-minute allegation of illness, combined with his pattern of missed

deadlines and trial delays, justifies the district court's discretionary refusal to vacate its dismissal.

We AFFIRM the judgment of the district court.