NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 13-1504 | |
| | Appeal from the United States District |
| LOIS TRASK, | Court for the Northern District of Illinois, |
| *Plaintiff-Appellant,* | Eastern Division. |
| | |
| *v.* | No. 11 C 6907 |
| | |
| THOMAS BOYD, *et al.,* | Samuel Der-Yeghiayan, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Lois Trask appeals the dismissal of her civil-rights lawsuit for failure to prosecute. *See* FED. R. CIV. P. 41(b). We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal thus is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Trask brought this suit under 42 U.S.C. § 1983 against more than 25 defendants—among them Cook County Sheriff's officers, Northwestern Memorial Hospital, and Illinois state-court judges. She asserted claims for wrongful arrest, use of excessive force, assault, and battery stemming from her arrest for trespassing at the Daley Center in Chicago in 2010; she also contested a number of state-court matters relating to her divorce, child support orders, and a medical malpractice suit alleging her mother's wrongful death.

During this protracted litigation, Trask repeatedly delayed proceedings by disregarding court orders (i.e., failing to comply with discovery, missing status hearings) or filing frivolous motions. The district court dismissed her case for failure to prosecute after Trask missed a status hearing (she had already been warned that failure to attend would result in dismissal). *See* N.D. ILL. L.R. 41.1; FED. R. CIV. P. 41(b). Her case was eventually reinstated, but the court later dismissed (for failure to state a claim) Trask's claims contesting the Illinois judges' decisions, her § 1983 official capacity claims, and her state-law tort claims against the Cook County sheriffs. Characterizing some of these claims as "frivolous personal attacks" against Illinois judges, the court warned Trask that filing frivolous claims in the future might result in sanctions, including dismissal of her action.

Trask was allowed to proceed on her § 1983 claims for false arrest and excessive force against the sheriffs in their individual capacities. But after she failed to attend a scheduled deposition and the discovery deadline passed, the court granted the defendants' motion to dismiss for failure to prosecute, explaining:

> This court has given Trask repeated opportunities to prosecute this action and the court has considered lesser sanctions, but it is apparent that Trask has no intention to prosecute this case within established rules and the only appropriate course at this juncture is to dismiss the instant action for want of prosecution.

On appeal Trask generally challenges the dismissal of her suit for want of prosecution. Her brief is difficult to comprehend and mostly restates the facts of her complaint, but she essentially contests the court's conclusion that she did not fully comply with discovery or actively prosecute her case.

The district court properly dismissed Trask's case for want of prosecution. The court repeatedly warned her that dismissal was possible if she failed to comply with

court directives, yet she failed to attend her scheduled deposition and to respond to defendants' discovery requests by the discovery deadline (which already had been extended). Although a harsh sanction, dismissal may be proper when there is a clear record of delay or disobedient conduct. *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). The court may consider the frequency of plaintiff's failure to comply with deadlines, the prejudice the delay causes to the defendant, and the merits of the suit. *Id.* The court here rejected Trask's excuses for noncompliance (that her safety would be in jeopardy if she attended her deposition) as illegitimate and lacking in any factual basis. After concluding that Trask's conduct demonstrated that she had no intent to follow court rules in prosecuting her suit, the court acted well within its discretion in dismissing this case.

AFFIRMED.