NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 16, 2014
Decided March 16, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-1639

| | |
|---|---|
| VICTORIA L. THOMAS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Indiana, Hammond Division. |
| *v.* | |
| | No. 2:05-cv-253-RLM |
| NATIONAL EDUCATION ASSOCIATION-SOUTH BEND, | Robert L. Miller, Jr., |
| *Defendant-Appellee*. | *Judge*. |

## O R D E R

Victoria Thomas, a former teacher and assistant principal, appeals the dismissal of her fair-representation and civil-rights suit against her union for failure to prosecute. The litigation has been protracted; the district court dismissed the suit after Thomas for a second time left her case inactive for nearly a year. Because Thomas had adequate notice of the possibility of dismissal, and the district court did not abuse its discretion, we affirm.

When Thomas was an assistant principal at an Indiana middle school, she struck an autistic student with her belt in a playful manner. The school thereafter demoted Thomas to a teaching position and transferred her to another middle school. At the new

school, Thomas applied for two assistant principal positions and one transfer, but each application was denied. She remained in the same teaching position until her retirement three years later.

While she was still teaching, Thomas began this litigation, which has now dragged on for nine years. In June 2005 Thomas sued the school, three administrators, and her local union, NEA-South Bend. She alleged in part that the school and administrators demoted and transferred her because of her race, sex, and age (she was 51 at the time) and in retaliation for refusing to sign a settlement agreement. She also charged the union with discrimination and breaching its duty of fair representation under the Labor Management Relations Act, 29 U.S.C. § 185, because it refused—based on her race and age—to pursue her grievance against the school.

Eight months later the district court dismissed the LMRA claims because the Act does not apply to public schools. 29 U.S.C. § 152(2); *Strasburger v. Bd. of Educ., Hardin Cnty. Cmty. Unit School Dist. No. 1*, 143 F.3d 351, 359–60 (7th Cir. 1998).

One and a half years after that, in July 2007, the court stayed the remaining discrimination claims against the union in order to allow Thomas to exhaust her administrative remedies before the Indiana Education Employment Relations Board, the agency responsible for administering a state law prohibiting unfair labor practices. *See Fratus v. Marion Cmty. Sch. Bd. of Trustees*, 749 N.E.2d 40, 44 n.1, 45–46 (Ind. 2001).

In April 2008 the court granted the school defendants' motion for summary judgment because Thomas's discrimination and retaliation claims were barred by a settlement agreement (Thomas had agreed to release the school from liability in exchange for retaining a teaching position), and also failed on the merits.

In May 2008 the union moved to dismiss her remaining claims under FED. R. CIV. P. 41(b) for failure to prosecute because Thomas had yet to file a complaint with the state agency. Thomas filed a complaint with the state agency seven days later, however, so the court denied the motion.

Two years later, in May 2010, the state agency concluded that the union had not engaged in any unfair labor practice and dismissed Thomas's complaint. Thomas appealed that decision through all levels of the state courts, and the Indiana Supreme Court eventually declined to hear the case.

In October 2010, the school and administrators sought entry of final judgment under FED. R. CIV. P. 54(b). But the court, concerned about the prospect of piecemeal litigation, denied the request.

More time passed, and in November 2013 the school defendants moved to dismiss the suit under Rule 41(b) for lack of prosecution. Thomas responded—one day late—and also moved to reopen her claims against the union. In January 2014, its patience apparently finally wearing thin, the court granted final judgment to the school defendants based on its April 2008 grant of summary judgment in their favor.

At a subsequent hearing in February 2014 on Thomas's pending motion to reopen her suit, the union again moved to dismiss any remaining claims for failure to prosecute because the federal litigation had been inactive for three years and the state proceedings had concluded nearly a year earlier. The union noted that this was its second Rule 41(b) motion to dismiss for failure to prosecute, that the school defendants had also filed a Rule 41(b) motion, that the state agency had ruled against Thomas on the merits, and that two witnesses were no longer available. Thomas responded that she has been "fighting this issue constantly," that the union caused the delay by moving to stay the federal proceedings, and that the state agency's adverse decision on the merits—relieving the union of culpability for an unfair labor practice—did not bar her remaining discrimination claims against the union.

At the hearing's conclusion, the court dismissed the case for failure to prosecute. Dismissal, the court explained, was appropriate for four reasons, as laid out in *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). First, Thomas's nearly one-year delay in returning to federal court after exhausting her administrative remedies prejudiced the union because one witness had died and another had relocated. Second, no broader social objectives would be harmed by the dismissal of a straightforward, single-plaintiff suit. Third, the merits of Thomas's discrimination claims were weak, having already been partially rejected by the state agency. And fourth, Thomas did not adequately explain the one-year period of inactivity after the state proceedings had concluded. The court determined that these *Kasalo* factors outweighed the countervailing considerations that Thomas had substantially complied with deadlines, that the delay was caused by her lawyer, and that the delay did not disrupt the court's calendar.

On appeal Thomas challenges only the court's Rule 41(b) dismissal order in favor of the union, and maintains that the court abused its discretion by dismissing her complaint without first warning her. But a plaintiff is adequately warned so long as

there is due warning that dismissal is a real possibility. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665–66 (7th Cir. 2006); *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). An explicit warning is not required. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962); *Kasalo*, 656 F.3d at 562. Here, Thomas was on notice that her inactivity courted dismissal for failure to prosecute because the union had first moved in 2008 to dismiss her case for failure to prosecute (after she had waited ten months to file her complaint with the state agency).

Thomas next argues that the district court erred by disregarding the union's responsibility for the delay, since the federal proceedings had been stayed in 2007 at the union's request. But the relevant delays—the ten-month delay in 2008 in filing a complaint with the state agency and the eleven-month delay in 2013 in returning to federal court—occurred because of Thomas's inactivity, not because the federal claims were temporarily suspended. Indeed, shortly after the state-court proceedings concluded, the union e-mailed Thomas's attorney seeking dismissal of the remaining claims, but Thomas did not file anything with the district court for another year.

Thomas also asserts that the court should not have dismissed the case because the delays were short and she did not act in bad faith. But delays of similar length have incurred dismissal for failure to prosecute, even absent a finding of bad faith. *See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 905, 909 (7th Cir. 2003) (delays of seven months or less); *Johnson v. Kamminga*, 34 F.3d 466, 467–68 (7th Cir. 1994) (five-month and eleven-month delays); *Ruzsa v. Rubenstein & Sendy Attorneys at Law*, 520 F.3d 176, 177–78 (2d Cir. 2008) (seven-month delay); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004) (seventeen-month delay was significant duration); *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002) (delays of six and eight months). And Thomas did not adequately explain the ten-month and eleven-month delays. Given Thomas's pattern of neglect, the district court was within its discretion to dismiss Thomas's claims for failure to prosecute.

AFFIRMED.