In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-2158

PEGGY A. PENDELL,

*Plaintiff-Appellant,*

*v.*

CITY OF PEORIA, ET AL.,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 11-cv-1393 — **James E. Shadid**, *Chief Judge.*

SUBMITTED AUGUST 25, 2015[*] — DECIDED AUGUST 26, 2015

Before CUDAHY, KANNE, and HAMILTON, *Circuit Judges.*

PER CURIAM. After Peggy Pendell failed to appear for two
depositions in her civil-rights suit for unlawful search and
seizure under 42 U.S.C. § 1983, the district court dismissed
her case as a sanction. Because the district court gave her ad-

---

[*]After examining the briefs and record, we have concluded that oral ar-
gument is unnecessary. Thus the appeal is submitted on the briefs and
record. *See* FED. R. APP. P. 34(a)(2)(C).

equate warnings and did not abuse its discretion in impos-
ing the sanction, we affirm.

According to Pendell's complaint, in November 2010, a
city inspector illegally entered her yard. He used the infor-
mation gleaned from that unauthorized inspection to swear
out an affidavit used to obtain an administrative search war-
rant in December. Armed with the warrant, city employees
then removed litter and inoperable vehicles from her yard
and razed her yard with a bulldozer.

Pendell sued in federal court in 2011, but over the next
two years she made little progress with her suit. Her deposi-
tion was set for December 2013, but Pendell never appeared.
On the day of her deposition, Pendell told her lawyer that
she had a stroke and could not attend; her lawyer passed
that news on to defense counsel. Receiving no medical evi-
dence of a stroke, however, the defendants moved to dismiss
the case under FED. R. CIV. P. 37(d) as a sanction against
Pendell for not appearing at the deposition. The district
court denied the motion because it could not find that
Pendell willfully refused to appear. But it ordered Pendell to
appear at her deposition before March 14, 2014, and warned
her that he would dismiss her case if she failed to appear
again.

By mutual agreement Pendell's deposition was reset for
April 17, but she never completed it. After an hour and a
half of questioning Pendell said that her "brain was fried."
The parties agreed to adjourn and resume the deposition on
May 9. But again she did not show up. The day before the
resumed deposition, May 8, Pendell left a note on the door
of her attorney's home asking if the deposition was still
scheduled for the following day. Her attorney emailed her to

confirm that it was scheduled for 1 p.m. on May 9. Despite the confirmation, on May 9 Pendell simply left another note at her attorney's home asking what happened at the deposition—the one she had just missed.

When the district court conducted its final pretrial conference two weeks later, it dismissed the case. After learning that Pendell had again failed to attend a deposition, it sua sponte revived the defendants' motion to dismiss. As it considered the motion, Pendell arrived (late) to this final conference and asked to be heard before the court dismissed the case. She explained that she had not been present at her first deposition because of her stroke (though she provided no medical evidence to substantiate her assertion), that she did not know about the rescheduled deposition on May 9, and that she did everything she could to contact her lawyer about the new date. The court was not persuaded. Given her attorney's email confirming the deposition and her follow-up note showing that she knew about it, the court determined that Pendell willfully defied its order, and it dismissed her case with prejudice for failure to prosecute.

We review for abuse of discretion the sanction of dismissing a lawsuit. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 562 (7th Cir. 2011); *Gabriel v. Hamlin*, 514 F.3d 734, 737 (7th Cir. 2008); *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993). With those factors in mind, a court may dismiss a suit after the plaintiff has will-

fully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006); *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994); *Ball*, 2 F.3d at 760. In particular, we have approved a district court's decision to dismiss a case when, during nearly two years of "unproductive litigation," the plaintiff has willfully "violated the most essential and direct discovery order issued by the court: attend your deposition." *Halas*, 16 F.3d at 165.

Pendell argues that the district court abused its discretion here, but she is incorrect. After twice failing to complete her deposition, Pendell violated her duty to show up at her resumed deposition, despite having received ample notice of it and a warning that failing to appear may lead to dismissal. Furthermore, by ignoring that duty, she put opposing counsel to needless expense and delayed the court's calendar. In addition, because she lied to the court in asserting that she did not know about the resumed deposition, she gave the court no reason to believe that she would respect the judicial process. *See Greviskes v. Univs. Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (affirming decision to dismiss suit where plaintiff lied to court about discovery); *Dotson v. Bravo*, 321 F.3d 663, 667–669 (7th Cir. 2003) (same). Given these factors, and with Pendell's suit otherwise showing little promise after two years of litigation, the district court committed no abuse of discretion in dismissing the case. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Fischer*, 446 F.3d at 666; *Halas*, 16 F.3d at 165.

Pendell raises two other meritless arguments. She contends that her recruited counsel was ineffective, but ineffec-

tive assistance is not a ground for reversal in a civil matter. *See Stanciel v. Gramley*, 267 F.3d 575, 580–81 (7th Cir. 2001); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000). Pendell also argues that the judge was biased against her because of her unspecified mental illness, but Pendell produced no evidence that the judge knew of the condition, let alone was biased because of it; accordingly, this contention goes nowhere. *See Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009); *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001).

AFFIRMED.