**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018[*]
Decided February 15, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3252

| | |
|---|---|
| JIMMY DALE MILLER,<br>    *Plaintiff-Appellant*, | Appeal from the United States<br>District Court for the Northern District<br>of Illinois, Eastern Division. |
| *v.* | No. 14cv3325 |
| MICHAEL LEMKE, et al.,<br>    *Defendants-Appellees*. | Robert W. Gettleman,<br>*Judge*. |

**O R D E R**

Jimmy Dale Miller, an Illinois prisoner who was housed at Stateville Correctional Center, filed a complaint alleging that prison officials did not adequately treat his diabetes. The district court recruited counsel for him. Counsel amended and limited the complaint to four defendants (the warden, two doctors, and their employer). The operative complaint asserts that, as a result of some delays in treating Miller's diabetes after he was diagnosed, the defendants violated the Eighth Amendment. The district

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court dismissed the complaint for failure to state a claim. Because Miller has not alleged that the delays produced any harm, he has not stated a claim that prison officials were deliberately indifferent to him. Thus we affirm the judgment.

In reviewing the legal sufficiency of his claim, we accept all factual allegations from his last complaint as true and draw all reasonable inferences in favor of Miller. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). In February 2013, a medical technician checked Miller's blood-sugar level. The result was 381 mg/dL, which the technician told Miller was far too high. The next day he saw a doctor, Dr. Obaisi, one of the defendants. Dr. Obaisi rechecked Miller's blood-sugar and noted it as "HIGH" and above 600 mg/dL. He told a nurse to administer a shot of insulin and teach Miller how to inject himself with insulin daily. The doctor diagnosed Miller with diabetes and promised to see him in five days to check his urine, blood, and further examine him. But he never did, and four other appointments were also cancelled: two appointments at the diabetes clinic were cancelled in late March, and two again in early April, because no provider was available until late April. And in early May, technicians briefly delayed completing his lab work while the prison was on lockdown over three days.

Miller contends on appeal that the four cancelled appointments and three-day delay in lab work violated the Eighth Amendment. A claim for deliberate indifference requires Miller to allege, as he has, an objectively serious medical condition. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). We may assume that diabetes is a serious medical condition. *See Ortiz v. City of Chicago*, 656 F.3d 523, 527 (7th Cir. 2011). Untreated, diabetes can lead to a fatal coma, *id.*, or long-term complications like kidney disease and stroke. *See Complications*, AMERICAN DIABETES ASSOCIATION http://diabetes .org/living-with-diabetes/complications/ (last visited Jan. 29, 2018).

Miller's claim of deliberate indifference fails on the second element. He has not adequately alleged that the four cancelled appointments and three-day delay in lab work recklessly endangered him. *Perez*, 792 F.3d at 776–77. Miller does not allege what, if any, harm came as a result of these minor delays, much less that the defendants knew that any harm would ensue. Without those or similar allegations, he has not stated a claim against the defendants. *See Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (explaining that delay in treatment, rather than underlying injury, must cause "some degree of harm"); *Williams v. Liefer*, 491 F.3d 710, 714–15 (7th Cir. 2007) (same). And nothing suggests that Miller was not receiving the insulin that the nurse showed him how to administer. Ordinarily a district court should grant a pro se litigant an opportunity to fill in these omissions in an amended complaint. *See Barry Aviation Inc. v.*

*Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). But Miller was not pro se in the district court. And the court had already granted his counsel two opportunities to amend. Further amendments are not required.

Miller next asks us to remand this case so that the district court may "reinstate" his original complaint, which he believes stated a different claim. He asserts on appeal, as he did in his initial complaint, that for 10 months *before* his diagnosis in February 2013, dozens of officials, mainly corrections officers and nurses, ignored his requests that they check *whether* he has diabetes. He told them that he has a family history of the disease and has symptoms that he believed reflected possible diabetes. These symptoms included fatigue, sugar cravings, weakness, body aches, excessive thirst, and frequent urination. A document appended to his brief—the result of his grievance about this delay—reflects that the prison disputes his allegations:

> Miller was seen as early as May 2, 2012 regarding [possible diabetes]. At this time labs drawn were returned as *normal*. On July 12, 2012, labs again were drawn. On August 28, 2012, labs were drawn and this time reflected Miller as a *borderline diabetic.* Records reflect, not until February 2013 did Miller request to be seen again for this issue, where he was then diagnosed as a diabetic. (emphasis in original)

Miller is not entitled to have allegations from the original complaint about the 10-month delay reinstated. First, the ordinary rule is that a later complaint takes precedence over an earlier complaint; the earlier allegations are abandoned. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017); *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 890 (7th Cir. 2016) *cert. denied*, 137 S. Ct. 1328 (2017). Second, although we can consider on appeal allegations in his brief that are consistent with the operative complaint, *see Flying J Inc. v. City of New Haven*, 549 F.3d 538, 542 n.1 (7th Cir. 2008), Miller's appellate allegations are *not* consistent with that counsel-drafted complaint. His allegations on appeal, for the most part, target defendants *different* from those in the operative complaint and during a different time frame. The only two defendants in both the original and operative complaints are the warden and Dr. Obaisi. And as to them, Miller does not contend in his appellate brief that before February *they* knew about his family history and symptoms but ignored him. Therefore Miller may not reallege his previously abandoned allegations.

Finally Miller contends that his recruited attorney ineffectively represented him by, among other things, amending his initial complaint. But a contention in a civil case

that a plaintiff received ineffective assistance of counsel is not a ground for reversal. *See Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017); *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015).

AFFIRMED