**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018[*]
Decided February 22, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1272

| | |
|---|---|
| HENRY LEE NELSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:15-cv-00396-LJM-MJD |
| UNITED STATES OF AMERICA, *Defendant-Appellee.* | Larry J. McKinney, *Judge.* |

**O R D E R**

The district court dismissed federal prisoner Henry Nelson's tort suit against the government for his refusal to comply with two court orders. *See* FED. R. CIV. P. 41(b). On appeal Nelson argues generally that dismissal was inappropriate and that he was unable to comply with one of the orders, but he is incorrect on both points. Because the district judge twice warned Nelson that noncompliance could result in dismissal and assessed a proportionate sanction, we affirm the judgment.

---

[*] We agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Nelson alleges that a guard at the federal prison in Terre Haute, Indiana, slammed him to the ground, causing him pain in his neck, back, and elbow. He filed suit against the United States in November 2015 and proceeded under the Federal Tort Claims Act, 28 U.S.C. § 2674. District Judge Magnus-Stinson (who was originally assigned to the case) issued a scheduling order that set a deadline for the parties' mandatory initial disclosures. *See* FED. R. CIV. P. 26(a)(1)(A). Instead of disclosing the required information to the government, Nelson filed a document titled "Motion for Entry Setting Pretrial Schedule" in which he said he was "providing the only evidence that[] I have to prove my claim for the assault and injuries I suffer." (It appears he meant that he was *identifying* the evidence he wanted, not "providing" it.) The only evidence, he said, consisted of video footage of the incident. He explained that he believed this video existed but was in the government's possession, and he said he had requested it in discovery.

The government served Nelson with interrogatories and requests for production of documents on May 13, 2016. The interrogatories asked Nelson to explain the incident, identify the employee who assailed him, explain the injuries suffered and the calculation of damages, and list the witnesses he intended to call. The documents the government requested consisted of those that Nelson might introduce at trial or a deposition, any statement from a person with knowledge of the incident, and papers related to his claim that the defendant caused him damages. His responses were due within 30 days of service, *id.* R. 33(b)(2) (interrogatories); *id.* R. 34(b)(2)(A) (document requests), but Nelson did not respond. The government sent Nelson letters seeking a response on June 22 and again on July 11. Nelson never replied.

On August 22, 2016, the government moved to compel Nelson's discovery responses, and Nelson filed nothing in opposition. The judge granted the motion and ordered him to submit discovery responses by October 21, 2016. The judge warned that failure to timely comply could result in dismissal of the action "for failure to prosecute and failure to follow a [c]ourt order." Nelson, instead of sending discovery responses to the government, filed a document in which he asserted: "THE[] ONLY DISCOVERY IS THE VIDEO TAPE FOOTAGE[] IN THE CUSTODY, CARE & CONTROL OF THE DEFENDANTS." The judge directed the government to treat this filing as a discovery request under Rule 34 of the Federal Rules of Civil Procedure. The government provided a video of the postincident medical assessment of Nelson and a second video of staff discussing their involvement with the incident; it denied having any footage of the incident itself.

On October 31, ten days after the discovery-order deadline, the government moved to dismiss the case as a discovery sanction. *See* FED. R. CIV. P. 37(b), (d). Instead of opposing the motion, Nelson purported to move for default judgment. On December 7 the judge (now Judge McKinney) denied Nelson's motion and ordered him to respond to the pending motion to dismiss by explaining "the steps he had taken to respond to the [government's] discovery requests." The order cautioned that failure to respond "will result in dismissal of this action without further warning." Nelson was given until December 27 to comply, but he did not file a response. Instead he filed two more motions to compel production of the incident footage.

Weeks after the extended filing deadline, the judge granted the government's unopposed motion and dismissed Nelson's action with prejudice. The judge, mistakenly it seems, characterized the government's Rule 37 motion as seeking dismissal for failure to prosecute and in granting it invoked Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides: "If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it." The judge said dismissal was warranted by Nelson's refusal to participate in discovery and disregard of the court's orders; namely, the two orders that compelled his responses to discovery requests and the dismissal motion, despite the warnings in both orders. The judge said Nelson's filings showed that he had received the two orders, understood them, and had chosen not to respond because he "intend[ed] to participate in the litigation only on his own terms." Nelson appeals.

As a threshold matter, we must clarify some confusion over what sanctioning authority the judge relied upon in dismissing Nelson's suit. As noted, the judge ostensibly dismissed the action under Rule 41(b), saying he granted the government's motion to dismiss for failure to prosecute, but that motion and the government's briefing advocated for dismissal exclusively under Rule 37 based on Nelson's refusal to participate in discovery. And the text of Rule 41(b) permits a defendant to file a motion to dismiss but does not empower the district court to do so *sua sponte*. Nevertheless, this confusion does not affect whether dismissal ultimately was appropriate because even in the absence of a Rule 41(b) motion, as here, district courts possess inherent authority to dismiss a suit for the plaintiff's lack of prosecution or refusal to comply with court orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *see also Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015) (affirming the dismissal of a suit where the district judge purported to grant the defense motion under Rule 37 based on the plaintiff violating the order to appear for her deposition but dismissed the case for failure to prosecute). We therefore

consider whether the district court properly exercised its inherent authority, reviewing the decision to impose the sanction of dismissal for abuse of discretion. *James*, 417 F.3d at 681.

On appeal Nelson asserts that he was unable to comply with the discovery order because he did not possess the "discovery" sought in the interrogatories and document requests. But Nelson *was* able to respond to these discovery requests. To answer the interrogatories he simply needed to describe, to the best of his ability, the incident, the employee who assailed him, his injuries, and calculation of damages, and to list any witnesses he intended to call. The document requests also called for simple disclosures, and Nelson could have answered that he had no relevant documents. *See* FED. R. CIV. P. 34(b)(2). Nelson maintains that the government possessed the only evidence related to his claim, but even if that were true, he was obligated by the court's order at least to respond to the discovery requests with what information he had. Therefore, the record supports the district judge's determination that Nelson was able to comply with the discovery order but chose not to do so.

Nelson also argues, without attacking any specific aspect of the judge's analysis, that dismissal was otherwise inappropriate. Whether dismissal is a proper sanction for a plaintiff's failure to prosecute "depends on all the circumstances of the case," *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011), including "the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit," *Pendell*, 799 F.3d at 917; *Ball v. City of Chicago*, 2 F.3d 752, 759–60 (7th Cir. 1993). The sanction of dismissal is appropriate only if it is proportionate to the misconduct. *See Kenneth Nelson v. Schultz*, 878 F.3d 236, 238–39 (7th Cir. 2017) (observing that proportionality is required under both Rule 37 and Rule 41(b) (citing *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732–33 (7th Cir. 2013)).

The judge did not abuse his discretion by terminating Nelson's suit. First, the judge properly considered Nelson's personal responsibility for violating the discovery order and the December 7 order, despite the warnings in each order that his noncompliance risked dismissal. Second, the judge reasonably found that the government was prejudiced by having to defend the suit without discovery from Nelson. Third, the judge justifiably concluded that any lesser sanction would be ineffective in light of Nelson's steadfast disregard of the court's orders and his obstinate insistence that the government possessed the only evidence supporting his claim; progressive discipline need not precede dismissal if, as here, the offending party was

warned of dismissal and termination appears to be the only effective sanction. *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). Lastly, the judge said he was uncertain about the merit of Nelson's suit but regardless his "likelihood of success" was low; evidence supporting his claim would not be considered in light of his refusal to participate in discovery. This is a slightly different inquiry than whether a claim has merit—the imposition of discovery sanctions, though it may foreclose success in litigation, says nothing about the merit of the underlying claim. In recommending that judges consider the merit of a claim before dismissing it, we are concerned with the possibility of allowing a culpable defendant to escape accountability for past wrongs and needlessly extinguishing the plaintiff's claim. *See Ball*, 2 F.3d at 758–59. In any case, the judge's analysis of the other circumstances related to proportionality led him to a sanction that fits Nelson's misconduct. *See Kenneth Nelson*, 878 F.3d at 239 (affirming dismissal as a sanction where the judge did not consider the suit's merit but otherwise assessed the proportionality of terminating the suit).

Accordingly, the judgment is AFFIRMED.