**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2019[*]
Decided February 6, 2019

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-2228

| | |
|---|---|
| JOHN GARFIELD, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 14-937-SCW |
| DENNIS FURLONG, et al., <br>     *Defendants-Appellees*. | Stephen C. Williams, <br> *Magistrate Judge*. |

**O R D E R**

A dentist at an Illinois prison extracted a tooth from inmate John Garfield, but complications during the procedure caused Garfield pain and required additional surgery. Garfield brought deliberate indifference claims against the dentist, the prison's medical director, and a correctional officer, and a retaliation claim against the officer. *See* 42 U.S.C. § 1983. (He sued other defendants too, but the district court at screening determined that Garfield failed to state claims against them. *See* 28 U.S.C. § 1915A.) The

---

[*] We have agreed to decide this case without oral argument because the issues have been authoritatively decided. FED. R. APP. P. 34(a)(2)(B).

court appointed counsel to represent Garfield. A magistrate judge, presiding by consent, *see* 28 U.S.C. § 636(c), entered summary judgment for the defendants.

Garfield, proceeding pro se on appeal, argues the narrow point that the ineffective assistance of his appointed counsel entitles him to a new trial under *Strickland v. Washington*, 466 U.S. 668 (1984). He submits that his counsel should have disputed the timing of the dental complications and whether his signature on the consent form for the procedure was forged. *Strickland* instructs that the Sixth Amendment guarantees *criminal* defendants the right to "reasonably effective assistance" of counsel in trial and trial-like proceedings. *See id.* at 686–87. Garfield's suit, however, is *civil*, and ineffective assistance is not a basis for remand in a civil matter. *See Diggs v. Ghosh*, 850 F.3d 905, 911 (7th Cir. 2017); *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015). Moreover, counsel in fact did dispute the timing of events, and nothing in the record suggests that Garfield's signature was forged.

AFFIRMED