NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2019[*]
Decided May 13, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3649

| | |
|---|---|
| JAMES SOTO, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 14-CV-1132 |
| ANTHONY BUCKLEY, et al., *Defendants-Appellees*. | Michael M. Mihm, *Judge*. |

## O R D E R

James Soto, an Illinois inmate, asked a guard to assign him to a new cell because he believed that his cellmate was going to harm him. The guard gave Soto's written request to Lieutenant Anthony Buckley, who oversaw cell assignments. The prison's

---

[*] Defendants Kevwe Akpore, Sherry Benton, Tiffanie Clark, Steven Gans, Salvador Godinez, Joseph Yurkovich, and John Does were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Internal Affairs office, which investigates alleged cellmate conflicts, did not validate Soto's fear, so Buckley did not reassign Soto. Days later, the cellmate injured Soto. Soto sued Buckley for violating the Eighth Amendment, accusing him of deliberate indifference to Soto's safety. A jury found Buckley not liable. Soto moved for a favorable verdict as a matter of law or alternatively for a new trial, and the district court denied the motion. Because the evidence did not necessitate a verdict for Soto, and the court reasonably concluded that the jury's verdict was not against the weight of the evidence, we affirm the judgment.

Soto, who is Muslim, was paired at Hill Correctional Center with a cellmate who professed to dislike Muslims. When Soto prayed, his cellmate would smack his lips, smirk, and disparage Islam. Soto found this conduct threatening, and he asked Brent Mason, a guard, to help him transfer to a new cell. (Mason recalled that Soto complained that he and his cellmate "weren't getting along.") Soto also gave Mason a "kite"—a written request for a new housing assignment.

Mason passed Soto's request on to Lieutenant Buckley. According to Mason, he emailed Buckley twice, met with him in person, and hand-delivered Soto's kite. Buckley recalled only receiving the kite. Before trial, Buckley swore in an affidavit that he had referred Soto's past kites to the prison's Internal Affairs office; Internal Affairs would investigate and tell him if it found a credible threat of conflict. Buckley did not state whether he had referred the latest kite as well. At trial, however, he testified that he had sent this kite to Internal Affairs and that it never responded that a threat was real. On cross-examination, Buckley conceded that he did not mention in his affidavit that he had referred the kite to Internal Affairs. He also acknowledged that he and other staff were unable to find Mason's emails or Soto's kite.

After a trial at which a jury heard about these events, Soto filed several post-trial motions. He first moved for judgment as a matter of law, *see* FED. R. CIV. P. 50(a), and the district court denied the motion. The jury then deliberated. While deliberating, it asked to see "the depositions given by Buckley and Mason," and the court denied the request. After the jury rendered its verdict, Soto again moved for a judgment as a matter of law or for a new trial. *See* FED RS. CIV. P. 50(b), 59. The district court denied that motion, too. Though the court observed that "the evidence in this case [is] very close," it concluded that judgment as a matter of law was not warranted. It reasoned that the jury could have found that Buckley was unaware of a serious risk of harm to Soto or, to the extent that he was aware, Buckley reasonably responded to the risk. The court also ruled that those findings were not against the weight of the evidence.

On appeal, Soto primarily challenges the order denying his motion for judgment as a matter of law or for a new trial. We review rulings on motions for judgment as a matter of law de novo by assessing if a rational jury could have reached the verdict. *See Roe v. Elyea*, 631 F.3d 843, 856 (7th Cir. 2011). We review rulings on motions for a new trial for an abuse of discretion by asking if the district court reasonably decided that the verdict is consistent with the weight of the evidence and the trial was fair to the losing party. *See Sanchez v. City of Chicago*, 880 F.3d 349, 355 (7th Cir. 2018).

The district court properly denied Soto's motion. To prevail on his Eighth Amendment claim, Soto needed to persuade the jury that Buckley knew about and yet disregarded a serious risk of harm to Soto's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). As we are about to explain, the evidence did not require that finding (so Soto was not entitled to judgment as a matter of law), and the district court reasonably ruled that the jury permissibly found that the evidence overall favored Buckley (so a new trial is not required.)

The jury rationally could have reached its verdict for Buckley in at least two ways. First, it could have found that Buckley had no reason to believe that Soto was in *serious* danger. Mason—who contacted Buckley about the conflict— testified that Soto said only that he and his cellmate "weren't getting along." And the jury could have found that Soto's description of the conflict—his cellmate smacked his lips, smirked, and denigrated Soto's faith—did not alert Buckley to serious peril. Second, even if the jury believed that Buckley was alerted to a serious risk, it sensibly could have concluded that Buckley reacted reasonably to it. Prison officials do not violate the Eighth Amendment if they reasonably respond to an alleged risk of harm, even if they ultimately do not avert an injury. *See Farmer*, 511 U.S. at 844–45; *Giles v. Tobeck*, 895 F.3d 510, 514 (7th Cir. 2018). Buckley testified, and the jury could have found, that he asked Internal Affairs to investigate Soto's kite and that he reasonably did not move Soto because Internal Affairs never responded that Soto faced a real threat. Soto insists that Buckley's earlier affidavit, in which Buckley never mentioned contacting Internal Affairs, discredits his trial testimony. But the jury was free to credit Buckley's statements at trial, and we will not upset its credibility determination. *See Martinez v. City of Chicago*, 900 F.3d 838, 844 (7th Cir. 2018).

Soto raises three more arguments, but none has merit. First, he contends that the district court should have instructed the jury to draw inferences against Buckley because the kite and emails are missing. Soto never requested such an instruction, so we review its absence for plain error. *See* FED. R. CIV. P. 51(d)(2). We see no error at all

because no evidence suggests that Buckley (or anyone) destroyed the documents in bad faith. So the instruction was not warranted. *See Elizarri v. Sheriff of Cook Cty.*, 901 F.3d 787, 791–92 (7th Cir. 2018). Moreover, the court permitted Soto to question Buckley about the missing documents, from which the jury could have drawn its own inferences. *See id*. Second, Soto asserts that the district court erred when it did not honor the jury's request to review Buckley's and Mason's "depositions" (by which the jury likely meant their affidavits, because they were never deposed). Their affidavits, however, were not admitted into evidence—Soto never asked that they be admitted— so the court acted within its discretion when declining to provide them to the jury. *See Lindsey v. Macias*, 907 F.3d 517, 522 (7th Cir. 2018). Finally, Soto contends that his counsel was ineffective, but "ineffective assistance is not a ground for reversal in a civil matter." *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015).

Accordingly, we AFFIRM the judgment.