**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019[*]
Decided February 21, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3146

| | |
|---|---|
| JIMMIE JORDAN, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:15-cv-97-DGW |
| | |
| CHRISTOPHER SHERROD, *et al.,* | Donald G. Wilkerson, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

## O R D E R

Jimmie Jordan appeals from an adverse judgment entered after a jury's verdict in favor of prison officers and supervisors whom he sued for violating the Eighth Amendment by causing him to suffer broken ribs and contusions. *See* 42 U.S.C. § 1983. He also challenges the district court's denial of his post-judgment motion for a new trial. We affirm the judgment on the verdict because Jordan, who did not raise in the district court a challenge to the verdict, has not shown that upholding the verdict would

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

result in a miscarriage of justice. Also, because Jordan did not file an amended notice of appeal after the district court denied his motion for a new trial, we cannot review his challenge to that post-judgment decision.

The trial transcript reveals the following. (Jordan did not submit the trial transcript to this court, but we have exercised our discretion under Federal Rule of Appellate Procedure 10(e)(2)(C) to supplement the record with it sua sponte.) While approaching Jordan's cell during a sweep, Officer Christopher Sherrod thought that he saw Jordan flushing drugs down the toilet. According to Sherrod, when he ordered Jordan to submit to a strip search, Jordan became belligerent. Jordan, however, denied this. According to Jordan, Sherrod and other officers beat him, then took him to another ward. Jordan added that supervisors watched the beating and failed to stop it. He could not identify these officers or supervisors because he became unconscious during the incident and because the officers were wearing tactical gear that covered their faces. Jordan's medical records showed that he could not move his legs or speak when he arrived at the new ward. A prison doctor sent Jordan to an outside hospital, where he was diagnosed with broken ribs and chest contusions.

The jury found in favor of the defendants on Jordan's Eighth Amendment claims that the officers used unlawful force or failed to intervene to help him. After Jordan filed this appeal from the adverse judgment on the jury's verdict, he filed a motion for a new trial, which the district court denied. As mentioned earlier, Jordan did not amend his notice of appeal after the district court denied his new-trial motion to include that ruling for appellate review.

On appeal, Jordan first challenges the sufficiency of the evidence supporting the jury's verdict. Because Jordan did not move for judgment as a matter of law, we could reverse only if we determined that no evidence supported the verdict and that upholding it would result in a manifest miscarriage of justice. *See* FED. R. CIV. P. 50(a), *S.E.C. v. Yang*, 795 F.3d 674, 680 (7th Cir. 2015). After reviewing the transcripts, however, we conclude that the evidence is consistent with the verdict. Jordan bore the burden of proving that the defendants used unreasonable force on him and that the supervisors ignored that use of force. *See Sanchez v. City of Chi.*, 700 F.3d 919, 926 n.3 (7th Cir. 2012). Yet nothing in the transcript required the jury to conclude that the defendants' actions or omissions caused Jordan's broken ribs or chest contusions. The officers and supervisors testified that they did not beat Jordan, and Jordan testified that he could not identify any of the officers or supervisors who he believes caused his

injuries. Given this record, the jury was entitled to credit the officers' denials of Jordan's accusations. *See United States v. Ridley*, 826 F.3d 437, 442 (7th Cir. 2016).

Next, Jordan contends that his trial counsel was ineffective. But this argument cannot justify a remand because "ineffective assistance is not a ground for reversal in a civil matter." *Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015) (per curiam).

Finally, Jordan raises two procedural challenges that we may not review. He argues that during voir dire the district court should have screened prospective jurors for racial bias, and that during jury deliberations the court mishandled a question from the jury. Jordan does not contend that he raised these issues before the court entered judgment on the verdict, so they are not included in his appeal of the judgment. And though he did raise these arguments in his post-judgment motion for a new trial, he did not file an amended notice of appeal after the court denied that motion, so we may not now review those challenges. FED. R. APP. P. 4(a)(4)(B)(ii); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012).

AFFIRMED