**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 17, 2020*
Decided August 18, 2020

**Before**

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 19-1386

| | |
|---|---|
| JAMES OWENS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:15-cv-1085-NJR-GCS |
| JOHN R. BALDWIN, *et al.,* *Defendants-Appellees.* | Nancy J. Rosenstengel, *Chief Judge.* |

**O R D E R**

James Owens sued Sandra Funk, the transfer coordinator for the Illinois Department of Corrections, alleging that she refused to transfer him to a lower-security prison because of his pending lawsuit against her. The district court allowed him to proceed on a claim of retaliation in violation of the First Amendment, but it ultimately entered summary judgment against Owens because he lacked evidence of a connection between his prior lawsuit and the denial of a transfer. On appeal, Owens contends that

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

the district court should have allowed him to proceed on a claim under the Eighth Amendment, and that various procedural issues should have precluded summary judgment. We affirm because Owens did not plausibly allege any violation of the Eighth Amendment, and the record does not permit the inference that Funk or any of her subordinates knew about Owens's lawsuit before denying his transfer requests.

In early 2014, Owens sued numerous officials in the Illinois prison system contending, among other things, that the prison transfer coordinator endangered him by sending him to a prison where he had known enemies. *See Owens v. Funk*, 760 F. App'x 439 (7th Cir. 2019). At that time, Owens did not know who the transfer coordinator was, so he named a "John Doe" and sought the coordinator's identity in discovery. After seven months, the defendants identified Funk as both the current transfer coordinator and the acting coordinator at the time of the challenged transfer. Owens amended his complaint to name Funk, and the clerk of court sent Funk a request to waive service in October 2015.

While that suit was pending, Owens applied three times—on September 8, 2014, April 17, 2015, and July 24, 2015—for a transfer to a lower-security facility. Each application was denied, even though the prison's clinical services department had deemed him eligible for a transfer. Frustrated, Owens sued Funk, alleging that she denied his requests as retaliation for his 2014 suit. He asserted that Funk's actions violated his constitutional rights of "equal protection and not to be retaliated against." (Owens also sued the acting director of the Illinois Department of Corrections in his official capacity, seeking injunctive relief if his claims against Funk succeeded.)

The district court screened Owens's complaint under 28 U.S.C. § 1915A and construed it as alleging: (1) retaliation in violation of the First Amendment and (2) denial of equal protection in violation of the Fourteenth Amendment. Because Owens's first lawsuit against Funk was a constitutionally protected activity, and he had plausibly alleged that Funk denied his transfer requests to punish him for it, the court granted him leave to proceed on his First Amendment claim. But the court concluded that Owens did not state an equal-protection claim because he had not alleged that Funk treated him differently from other inmates or denied his transfer because of his membership in a protected class.

Over the next three years, the parties conducted discovery, with court-recruited counsel representing Owens. The defendants missed the court's deadline to move for summary judgment. But the magistrate judge to whom the case had been referred for all pretrial proceedings granted them leave to file an untimely motion, over Owens's objection. Owens did not ask the district judge to review the magistrate judge's ruling.

The magistrate judge recommended entering summary judgment. In an affidavit, Funk attested that she first learned about Owens's 2014 lawsuit when she received the request for waiver of service, months after his transfer requests had already been denied. She also swore that her subordinates had denied Owens's transfer requests, and that she did not personally review them. Because Owens lacked evidence contradicting Funk's assertions, the magistrate judge concluded that he could not show that Funk was personally involved with the decisions to deny his transfer requests, nor that she was even aware of his 2014 lawsuit when her office denied those requests. The district judge adopted the magistrate judge's report and recommendation and entered judgment against Owens.

On appeal, Owens (who now proceeds pro se) first contends that the district court erred when screening his complaint because it did not allow him to proceed on a deliberate-indifference claim under the Eighth Amendment. District courts screen prisoner complaints using the standards for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Schillinger v. Kiley*, 954 F.3d 990, 993–94 (7th Cir. 2020) (citing 28 U.S.C. § 1915A(b)(1)), and plaintiffs in federal courts are not required to plead legal theories, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517–18 (7th Cir. 2015) (citing *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014)). But they *are* required to allege facts that plausibly suggest an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Schillinger*, 954 F.3d at 993–94. And nothing in Owens's complaint allows an inference that denying his requests to be transferred to a lower-security facility created a substantial risk of serious injury, let alone one that the official(s) who denied the requests were aware of. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Even if the requested transfer would have placed him in a prison that was safer overall, the general risk of violence associated with placement in a higher-security prison does not, in itself, suggest knowledge of a substantial risk of harm. *See Shields v. Dart*, 664 F.3d 178, 181 (7th Cir. 2011). The district court did not err in concluding that Owens had plausibly alleged only a retaliation claim.

Owens next contends that the defendants in the 2014 lawsuit misled him by representing that Funk was the administrator responsible for transfer requests, which deprived him of the chance to name the correct defendant in this case. He argues that he should be allowed to substitute the correct defendant(s) now, and that any new defendants should be estopped from objecting. But once Funk denied involvement, Owens did not move to amend his complaint in the district court, and he cannot seek to amend the factual basis of his claim on appeal. *See Wagner v. Teva Pharm. USA, Inc.*, 840

F.3d 355, 359 (7th Cir. 2016). Nor could the court have abused its discretion by failing to grant leave to amend sua sponte. *See id.*

To the extent that Owens contends the defendants' representations in the 2014 suit should have precluded summary judgment in this case, he is mistaken. Although the defendants in the first lawsuit (including Funk) represented that Funk was the Transfer Coordinator for the Illinois Department of Corrections, they never said that she denied the three requests at issue in this case. And in the current case, the defendants admitted in their answer only that Funk was the transfer coordinator and that Owens's transfer requests were denied "by the Transfer Coordinator's Office"; they denied that Owens had correctly characterized Funk's job duties. Owens points to no evidence contradicting Funk's testimony that she was not personally involved in denying his transfer. In any event, Owens also lacks evidence that Funk (or anyone in the transfer office) was aware of the 2014 lawsuit when Owens's transfer requests were denied. Therefore, no reasonable jury could conclude that the decisions were retaliatory.

Owens's remaining two arguments warrant only brief responses. First, Owens contends that the magistrate judge abused his discretion by granting the defendants leave to file an untimely motion for summary judgment. But Owens cannot challenge that ruling on appeal because he did not ask the district judge to review it. *See* Fed. R. Civ. P. 72(a); *Davis v. Kayira*, 938 F.3d 910, 916 (7th Cir. 2019). Second, Owens contends that his recruited lawyer provided ineffective assistance of counsel. But that is not a ground for reversal in a civil case because he had no right to counsel to begin with. *See Pendell v. City of Peoria*, 799 F.3d 916, 918 (7th Cir. 2015).

AFFIRMED