**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 3, 2022[*]
Decided February 14, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 20-3513

| | |
|---|---|
| MATTHEW STANEK, *et al.*, | Appeal from the United States District |
|     *Plaintiffs-Appellants*, | Court for the Northern District of Illinois, |
| | Eastern Division. |
|     *v.* | |
| | No. 1:13-cv-3106 |
| ST. CHARLES COMMUNITY UNIT | |
| SCHOOL DISTRICT NO. 303 BOARD | Jorge L. Alonso, |
| OF EDUCATON, *et al.*, | *Judge*. |
|     *Defendants-Appellees*. | |

## O R D E R

Matthew Stanek, now 27, is autistic and required special-education services when he attended high school in St. Charles Community Unit School District No. 303 between 2009 and 2013. In 2013, Matthew and his parents, Bogdan and Sandra, sued the District and its board, and various high-school teachers and administrators (collectively, the "District defendants"), and the Illinois State Board of Education. They alleged that

---

[*] We have agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Matthew did not receive educational services to which he was entitled. Between January and September 2020, the Staneks continually refused to produce Matthew for a deposition without accommodations that the district court had declined to order. After multiple warnings, the district court dismissed the case with prejudice when Matthew failed to appear for a fifth time. Because the district court did not abuse its discretion in imposing this sanction with respect to all three plaintiffs, we affirm.

According to the Staneks' most recent complaint, Matthew's autism, which was diagnosed at age three, impairs his ability to perform academically. Despite his disability, Matthew found academic success, in part because of educational accommodations such as teacher-provided study guides and extra time for taking exams. The Staneks allege that, during Matthew's junior year of high school, he stopped receiving these accommodations. His academic performance suffered, leading to social, emotional, and behavioral declines.

The Staneks sued in 2013 and have been in litigation, including a previous appeal to this court, ever since. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634 (7th Cir. 2015). Their operative complaint (the Staneks' fifth amended complaint, which they filed *pro se*) brought claims under the Individuals with Disabilities in Education Act, *see* 20 U.S.C. §§ 1400–1418; Title II of the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12101–12213; Section 504 of the Rehabilitation Act of 1973, *see* 29 U.S.C. §§ 701–794; and 42 U.S.C. § 1983, invoking both the IDEA and the First Amendment.

The District defendants first noticed Matthew for a deposition in January 2020. Over the next nine months, they scheduled the deposition and sent timely notice four more times. Each time, Matthew failed to appear. The Staneks canceled two depositions at the last minute when one parent was unable to attend (Sandra attended a funeral in June, and Bogdan had an allergic reaction to a bee sting in September). The rest were canceled, generally on short notice, when Matthew was not provided accommodations the Staneks felt he was due under the ADA and Rehabilitation Act, like being deposed in writing or at least receiving written questions in advance of a deposition.

In a March 2020 order, the magistrate judge overseeing discovery informed the Staneks that neither statute applied to Matthew's deposition, which was instead governed by the Federal Rules of Civil Procedure. The magistrate judge did, however, grant several accommodations, imposing time limits and allowing Matthew to bring his emotional support dog. When the Staneks objected to the order, the district judge overruled them, confirmed that the disability-discrimination statutes did not apply to

Matthew's deposition, and warned that the Staneks had "two choices: drop their lawsuit or produce Matthew Stanek for deposition."

Matthew missed three more depositions after this warning, persisting in the argument that his preferred accommodations were required by statute. He filed a petition for writ of mandamus in this court, which the motions panel denied. After canceling a deposition on September 16, 2020, Matthew was given notice for one on September 21 and 22. But when the Staneks refused to confirm Matthew's attendance, the magistrate judge granted the defendants' emergency motion to compel and ordered Matthew to appear, emphasizing that not receiving the questions in advance would not excuse further delay or cancelation. The magistrate judge restated the district judge's warning and added that another failure to appear would justify dismissal with prejudice under Federal Rule of Civil Procedure 37(b)(2). The Staneks filed several more motions for accommodations or postponement, all of which were denied.

Matthew again failed to appear; he explained in an email to the District defendants' attorney that he continued to believe that the failure to grant his requested accommodations violated the ADA. This was followed shortly by a joint motion from the Staneks objecting to the magistrate judge's rulings on accommodations, again based on their ADA argument. The district judge overruled the objections, noting that their argument had been considered and rejected several times. The District defendants then moved for sanctions under Rule 37(b), and the district judge dismissed the case with prejudice. The judge found that the Staneks' ongoing defiance of a court order to produce Matthew for a deposition was willful and in bad faith.

On appeal, the Staneks—in three separate sets of opening and reply briefs— continue to argue that their requested accommodations were compelled by the ADA. Because Matthew provided sufficient evidence of his disability, they argue, the district court abused its discretion when it dismissed their case. Sandra and Bogdan also argue that they did not refuse to comply with any court orders, are not responsible for Matthew's failure to attend, and are therefore not properly subject to discovery sanctions. Bogdan's brief also challenges wholly unrelated rulings on class certification. The Illinois State Board of Education, which was not directly involved in the deposition controversy and motion for sanctions, but benefited equally from the sanction of dismissal, filed a brief arguing that we should affirm.

The Staneks did not argue in the district court that the parents' separate claims should survive even if Matthew's were dismissed, despite the District defendants'

motion to sanction them all. They have therefore waived the argument on appeal. *See Williams v. Dieball*, 724 F.3d 957, 961 (7th Cir. 2013). Even without waiver, the district court reasonably concluded that Matthew's parents share responsibility for his failure to attend his deposition. Sandra and Bogdan participated every step of the way, filing motions and sending emails on Matthew's behalf and canceling Matthew's depositions when either of them was personally unable to attend. Because Sandra and Bogdan were deeply involved in Matthew's failure to attend his scheduled depositions, the district court permissibly held them accountable along with Matthew.

Whether the dismissal under Rule 37 was proper at all is an issue we review for abuse of discretion. *See Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). Rule 37(b) allows district courts to dismiss a case when a party disobeys a discovery order willfully or in bad faith. FED. R. CIV. P. 37(b)(2)(A)(v); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011).

Here, the district court had ample justification to dismiss with prejudice. Matthew received five deposition notices and failed to appear each time. His objections to appearing without specific accommodations were fully aired before the magistrate judge and the district judge, who told the Staneks repeatedly that Matthew had no statutory right to the additional accommodations he insisted upon. And this court's denial of the mandamus petition signaled that, whatever the merits of the arguments, halting the deposition was not warranted. Despite this, and a court order to appear, the Staneks persisted in refusing to attend the scheduled depositions.

Further, the district judge expressly found that the Staneks acted willfully and in bad faith in refusing repeatedly to produce Matthew for deposition based on the purported need for accommodations. We have affirmed dismissals under Rule 37 for arguably less. *See Pendell*, 799 F.3d at 916 (affirming dismissal after two failures to appear at depositions); *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (affirming dismissal under Rule 37(d)(1) when district court found plaintiff walked out of deposition willfully and in bad faith). After nine months, dozens of motions, repeated warnings, and a court order, dismissal under Rule 37(b)(2) was a proper sanction here.

We need not (and do not) reach the merits of the Staneks' argument that the ADA required Matthew's desired accommodations. He was not entitled to disobey a court order merely because he and his parents disagreed with the reasoning. *See Maness v. Meyers*, 419 U.S. 449, 458 (1975). Rather, Matthew was obliged to obey the order to attend the deposition and challenge the ruling at the appropriate time. *Id.*; *see also Mac*

*Naughton v. Harmelech*, 932 F.3d 558, 565 (7th Cir. 2019). Matthew's petition for writ of mandamus was denied, the order remained in effect, and he violated it—with his parents' encouragement. This was sufficient grounds for sanctions under Rule 37(b)(2).

Matthew also argues on appeal that a medical condition, anxiety, prevented him from attending the final scheduled deposition. But he gave this excuse for the first time only after the District defendants moved for sanctions. The only rationale he provided at the time he failed to attend was his need to proceed in writing. And Matthew's health in September 2020 does not excuse the previous missed depositions, three of which occurred after the district judge's May warning.

Because we affirm the dismissal, we do not address the appellants' challenges to the myriad rulings that preceded it. But we must address the appellants' briefing tactics. As noted, each appellant filed a separate brief despite jointly appealing and paying a single appellate filing fee. *See* FED. R. APP. P. 3(b) (parties to joint appeal proceed "as a single appellant"). We did not require them to file a single brief, but we admonished them not to repeat arguments. *See* Order of January 15, 2021. Although each brief is (just) under the 14,000-word limit, *see* CIR. R. 32(c), the three briefs together exceed it by many thousands of words when the repeated material is considered. Further, each brief purports to adopt the other briefs by reference, a practice that is forbidden unless we grant a motion allowing it. *See Norfleet v. Walker*, 684 F.3d 688, 691 (7th Cir. 2012); *Stanek v. St. Charles Cmty. Unit Sch. Dist. # 303*, No. 13 C 3106, 2020 WL 9348257, at *1 (N.D. Ill. Oct. 9, 2020) (admonishing the Staneks on the same point). Separate briefs made sense to the extent that the parents, who had claims distinct from Matthew's, contended that the sanction should not apply to them. We did not invite them to burden the court and the appellees with repetitive—or irrelevant—arguments spread over three sets of briefs, but we have reviewed them all and trust that the Staneks will accept that they have been heard.

AFFIRMED